UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA   RECEIVED
NORTHERN DIVISION

2007 DEC 21  A 11: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TARGET BRANDS, INC., a Minnesota corporation, | |
| Plaintiff, | |
| vs. | Civil Action No. 2:07cv1113-MEF |
| RUSSELL PETROLEUM CORPORATION, an Alabama corporation, and WAYNE RUSSELL, an Alabama resident, | Demand for Jury Trial |
| Defendants. | |

## COMPLAINT

For its Complaint against Russell Petroleum Corporation and Wayne Russell, plaintiff Target Brands, Inc. states and alleges as follows:

### THE PARTIES

1.   Plaintiff Target Brands, Inc. ("TBI") is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. TBI is a wholly-owned subsidiary of Target Corporation ("TC"), a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

2.   On information and belief, defendant Russell Petroleum Corporation is a corporation with its principal place of business in Montgomery, Alabama.

3.    On information and belief, defendant Wayne Russell is an individual resident of the Middle District of Alabama. On information and belief, Mr. Russell owns and operates Russell Petroleum Corporation.

## JURISDICTION AND VENUE

4.    This is an action for service mark infringement and false designation of origin under the provisions of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

5.    This Court has subject matter jurisdiction over the Lanham Act claims asserted in this Complaint under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

6.    Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) in that both defendants reside in the Middle District of Alabama. Venue is also proper in this District under 28 U.S.C. §§ 1391(b)(2) in that a substantial part of the events giving rise to the claims occurred in this District.

## ALLEGATIONS RELEVANT TO ALL COUNTS

### TC, TBI and the TARGET Marks

7.    TC and its Target Stores division have since 1962 operated a chain of TARGET® retail discount department stores. TC today operates more than 1,500 TARGET stores in 47 of the United States, including 18 TARGET stores in Alabama.

8.    Among the retail sales services offered through TARGET stores are grocery sales services, snack bar, food and candy sales services, automotive accessory sales services, and automotive maintenance and repair supplies and equipment sales services.

9.    Over the years, the retail sales services at TARGET stores have developed a hard-earned and well-deserved reputation for quality and value. This reputation is reflected in the substantial and valuable body of goodwill symbolized by, among other things, the

TARGET®, Bullseye Design and TARGET & Bullseye Design marks, commercial icons that are today owned by TBI and licensed exclusively to TC.

10. TBI owns, among other United States registrations of the TARGET mark, United States Registration No. 845,193, issued February 27, 1968, for retail department store and other services.

11. TBI owns, among others, the following United States registrations of the word TARGET accompanied by TBI's famous Bullseye Design: No. 845,615, issued March 5, 1968, for retail department store and other services; No. 1,386,318, issued March 11, 1986, for retail department store sales services, including "tire, battery, oil, antifreeze and automotive accessory sales services"; and No. 3,229,570, issued April 17, 2007, for retail department store and other services.

12. TBI owns, among other United States registrations of the Bullseye Design mark alone, United States Registration No. 972,082, issued October 30, 1973, for retail department store and other services.

13. United States Registration Nos. 845,193; 845,615; 972,082; 1,386,318; and 3,229,570 are valid and subsisting. United States Registration Nos. 845,193; 845,615; 972,082; and 1,386,318 are incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

14. Great sums of money and substantial effort have been expended in establishing, promoting and protecting the TARGET, Bullseye Design, and TARGET & Bullseye Design marks (collectively, "TBI's Marks"). Through long and extensive use and promotion of TBI's Marks, and through exercise of control over the quality of goods and services offered thereunder, substantial and valuable goodwill and consumer recognition

have been built-up in TBI's Marks, and retail consumers have come to closely associate the distinctive and valuable TBI's Marks with TC and its operations. TBI's Marks have through the substantial efforts of TC and TBI come to represent known quality and convey value to retail consumers.

15. Neither TBI nor TC has authorized defendant Russell Petroleum Corporation or defendant Wayne Russell to use in any fashion whatsoever any of TBI's Marks or any mark or designation confusingly similar to TBI's Marks.

<u>Russell Petroleum, Wayne Russell And Their Wrongful Conduct</u>

16. Russell Petroleum and/or Wayne Russell operate the service station located at 4259 South Court Street, Montgomery, Alabama (the "Service Station"). The Service Station is located approximately eleven miles from the TARGET store located at 2576 Berryhill Road, Montgomery, Alabama, and approximately thirteen miles from the TARGET store located at 2754 Legends Parkway, Prattville, Alabama.

17. The Service Station offers, among other things, retail gasoline sales services, retail grocery, snack bar, food and candy sales, retail automotive accessory sales services, and retail automotive maintenance and repair supplies and equipment sales services.

18. In or around June 2006, TBI learned that the Service Station was, without authorization from TC or TBI, being operated under the TARGET, Bullseye Design and TARGET & Bullseye Design marks. Attached as Exhibit A are photographs of the Service Station from 2006 illustrating the infringing use of the TARGET, Bullseye Design and TARGET & Bullesye Design marks.

19. On July 5, 2006, TBI notified Defendants of TBI's rights in TBI's Marks.

20. No later than August 7, 2006, TBI demanded that Defendants cease and desist from all use of TBI's Marks.

21. After repeatedly requesting more time to respond to TBI's demand that Defendants cease and desist from use of TBI's Marks on representations that Mr. Russell was ill and in treatment, Defendants' counsel in early 2007 represented that Defendants would in fact cease and desist from all use of TBI's Marks.

22. In or about November 2007, TBI learned that, their counsel's representations notwithstanding, Defendants had not ceased and desisted from use of TBI's Marks. Rather, Defendants have merely replaced the word "TARGET" on one or more of the Service Station's signs with the word "BULLSEYE." Attached as Exhibit B are photographs of signs at the Service Station after the change was made.

23. Signs Defendants have employed at the Service Station using the TARGET, Bullseye Design and/or TARGET& Bullseye Design marks are and have been likely to cause confusion, to cause mistake, and/or to deceive retail consumers.

24. By using the TARGET, Bullseye Design and TARGET & Bullseye Design marks in connection with retail sales services without the authorization of TBI or TC, Defendants are and have been willfully and intentionally trading upon the goodwill TBI and TC have at their considerable expense and effort developed in TBI's Marks. Defendants have thereby has caused and are thereby causing TBI substantial and irreparable harm and injury.

25. TBI has no control over the quality of the services Defendants provide and/or have provided using the TARGET, Bullseye Design and/or TARGET & Bullseye Design

marks. The invaluable goodwill represented in TBI's Marks is thereby wrongfully put at the mercy of Defendants.

26. Defendants have caused, and will unless and until enjoined continue to cause, substantial and irreparable harm and injury to TBI and to the goodwill and reputation represented by TBI's Marks.

## COUNT I

### Infringement of Federally Registered Marks
### (15 U.S.C. § 1114(1))

27. TBI realleges, as if fully set forth at this place, the allegations contained in paragraphs 1-26 above.

28. Defendants have used and continue to use in commerce and in connection with retail sales services, the offering of retail sales services and the advertising of retail sales services marks and/or designations that are and have been likely to cause confusion, or to cause mistake, or to deceive vis-a-vis TBI's Marks. Defendants are therefore liable to TBI pursuant to 15 U.S.C. § 1114(1).

29. Unless restrained and enjoined by this Court, Defendants will, on information and belief, continue to infringe the TBI's rights in TBI's Marks, and will continue thereby to cause irreparable injury and damage to TBI.

30. No adequate remedy exists at law for the irreparable harm Defendants' infringement has caused and is causing TBI. TBI is entitled to preliminary and permanent injunctive relief.

31. Defendants' infringement of rights of TBI in TBI's Marks has caused and continues to cause damage and harm to TBI and to lower the value of the goodwill represented by the marks Defendants have infringed. TBI is entitled to a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

32. Defendants' infringement of the rights of TBI has been knowing, willful and in deliberate disregard of the rights of TBI and of Defendants' obligations under federal law. TBI is entitled to enhanced damages under 15 U.S.C. § 1117(a).

33. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a). TBI should be awarded reasonable attorneys' fees herein.

## COUNT II

### False Designation Of Origin
### (15 U.S.C. § 1125(a))

34. TBI realleges, as if fully set forth at this place, the allegations contained in paragraphs 1-33 above.

35. Defendants have used and continue to use in commerce marks and designations in connection with services Defendants advertise, offer for sale and/or sell in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with TBI or its licensee and/or as to the origin, sponsorship or approval of Defendants' services or commercial activities by TBI or its licensee.

36. TBI believes that it is and is likely to be damaged by these acts of false designation of origin by Defendants.

37. Defendants are pursuant to 15 U.S.C. § 1125(a) liable to TBI for Defendants' acts of false designation of origin.

38. No adequate remedy exists at law for the irreparable harm Defendants' acts of false designation of origin have caused and are causing TBI. TBI is entitled to preliminary and permanent injunctive relief.

39. Defendants' acts of false designation of origin have caused and continue to cause damage and harm to TBI. TBI is therefore entitled to a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

40. Defendants' acts of false designation of origin have been knowing, willful and in deliberate disregard of TBI's rights and of Defendants' obligations under federal law. TBI is entitled to enhanced damages under 15 U.S.C. § 1117(a).

41. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a). TBI should be awarded reasonable attorneys' fees herein.

## PRAYER FOR RELIEF

**WHEREFORE,** TBI prays that this Court:

1. Preliminarily and permanently enjoin and restrain Defendants, each of the officers, agents, servants, employees and attorneys of Russell Petroleum Corporation, and any other person in active concert or participation with them who receive actual notice of the Court's order, from using TBI's Marks and any other mark or designation confusingly similar to TBI's Marks.

2. Award TBI a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

3.  Find that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and award TBI its reasonable attorneys' fees herein.

4.  Grant TBI such other and further relief as the Court may find to be just and proper.

*/s/ George R. Parker*
George R. Parker (PAR086)

OF COUNSEL:

Michael S. Denniston (DEN012)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: 205.521.8244
Facsimile: 205.488.6244
Email: mdenniston@bradleyarant.com


George R. Parker (PAR086)
BRADLEY ARANT ROSE & WHITE LLP
Alabama Center for Commerce
401 Adams Ave ·Suite 780
Montgomery, AL 36104
Telephone: 334.956.7700
Facsimile 334.956.7701
Email: gparker@bradleyarant.com


**FAEGRE & BENSON LLP**
James R. Steffen (MN #204717)
Timothy J. Cruz (MN #0386626)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600

## DEMAND FOR JURY TRIAL

TBI demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all claims to which a right to jury trial exists under law.

*George R. Parker*
George R. Parker (PAR086)

**SERVE DEFENDANTS BY CERTIFIED MAIL AT:**

Russell Petroleum Corporation
c/o Registered Agent
Ernest W. Russell, Jr.
P.O. Box 250330
Montgomery, Alabama 36125-0330


Wayne Russell
P.O. Box 250330
Montgomery, Alabama 36125-0330