**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| TARGET BRANDS, INC., a Minnesota Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | CASE NO.: 2:07-cv-1113-ME |
| RUSSELL PETROLEUM CORPORATION, an Alabama Corporation, and WAYNE RUSSELL, an Alabama resident, | ) ) ) ) ) | |
| Defendants | ) | |

**ANSWER**

Comes now the Defendants, Russell Petroleum Corporation and Wayne Russell, and for Answer to the Complaint, states:

1. Defendants are without knowledge to either admit or deny the allegations of paragraph 1.

2. Admitted

3. Defendant Wayne Russell admits that he is a resident of the Middle District of Alabama. Wayne Russell specifically states that he is a stockholder of Russell Petroleum Corporation.

4. Denied

5. Denied

6. Denied

7. Given that the Defendants have no knowledge of the facts alleged in paragraph 7, they are denied.

8. Given that the Defendants have no knowledge of the facts alleged in paragraph 8, they are denied.

9. Given that the Defendants have no knowledge of the facts alleged in paragraph 9, they are denied.

10. Given that the Defendants have no knowledge of the facts alleged in paragraph 10, they are denied.

11. Given that the Defendants have no knowledge of the facts alleged in paragraph 11, they are denied.

12. Given that the Defendants have no knowledge of the facts alleged in paragraph 12, they are denied.

13. Given that the Defendants have no knowledge of the facts alleged in paragraph 13, they are denied.

14. Given that the Defendants have no knowledge of the facts alleged in paragraph 14, they are denied.

15. Given that the Defendants have no knowledge of the facts alleged in paragraph 15, they are denied.

16. It is admitted that Russell Petroleum operates the service station in question, but denied that Wayne Russell operates the same.

17. Admitted

18. Denied, in that the photographs allegedly attached to the complaint were not served on these Defendants.

19. Admitted that such a notice was sent, but denied that these Defendants have infringed the marks of the Plaintiff in sufficient ways to be actionable.

20. Denied

21. Denied

22. These Defendants deny that they have infringed any marks of the Plaintiff.

23. Denied

24. Denied

25. The material allegations of this paragraph are denied.

26. Denied

27. Needs no response

28. Denied

29. Denied

30. Denied

31. Denied

32. Denied

33. Denied

34. Needs no response

35. Denied

36. Denied

37. Denied

38. Denied

39. Denied

40. Denied

41. Denied

Having Answered the Complaint, the Defendants deny that the Plaintiff is entitled to any relief.

Respectfully submitted this the 22nd day of January, 2008.

/s/ J. Doyle Fuller
J. DOYLE FULLER (FUL005)
JACOB A. FULLER (FUL030)
Attorneys for Defendants

LAW OFFICES OF J. DOYLE FULLER, P.C.
2851 Zelda Road
Montgomery, Alabama 36106
334-270-0020
334-270-9848 *fax*
jdf@jdoylefuller.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Answer upon the following:

```
George R. Parker
Michael S. Denniston
BRADLEY, ARANT, ROSE & WHITE, LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

George R. Parker
BRADLEY, ARANT, ROSE & WHITE, LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

FAEGRE & BENSON, LLP
James R. Steffen
Timothy J. Cruz
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
```

by electronic transmission on this the 22nd day of January, 2008.

<u>J. Doyle Fuller</u>
OF COUNSEL