## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

**TARGET BRANDS, INC.,**

           **Plaintiff,**

**v.**

**RUSSELL PETROLEUM
CORPORATION,** *et al,*

           **Defendants.**

Civil Action No. 2:07-cv-1113

## PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF INFORMATION AND RESPONSES TO DISCOVERY REQUESTS

Plaintiff Target Brands, Inc. ("TBI"), having first attempted in good faith to meet and confer with Defendants, hereby moves, pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37.1, for an Order, more fully described below, compelling Defendants Russell Petroleum Corporation and Wayne Russell to disclose information pursuant to Fed. R. Civ. P. Rule 26(a) and respond to TBI's discovery requests pursuant to Fed. R. Civ. P. Rules 33 and 34.

## Background

This is an action for trademark infringement.  Plaintiff TBI has asserted Lanham Act claims arising from the Defendants' unauthorized use, in connection with a service station and retail market located in Montgomery, Alabama, of TBI's famous TARGET and Bullseye Design marks.

TBI commenced its discovery efforts by serving on March 10, 2008, a first set of requests for production of documents and interrogatories to Defendants (the "Requests").  (<u>See</u>

Declaration of Timothy J. Cruz ¶ 1.)  Defendants' responses to the Requests were to be served by no later than April 12, 2008.  <u>See</u> Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  Defendants, however, did not serve their responses on that date.  (Cruz Decl. ¶ 1.)

TBI sent to Defendants on April 21 a letter seeking responses to the Requests,.  (<u>Id.</u> ¶ 2.) TBI also served along with the letter its initial disclosures pursuant to Fed. R. Civ. P. Rule 26(a). (<u>Id.</u>)  Defendants did not respond to TBI's letter.  (<u>Id.</u>)

TBI sent a second letter on April 30 requesting a meet and confer and informing Defendants that TBI would, if necessary, file this Motion.  (<u>Id.</u> ¶ 3.)  Defendants have not to date served their discovery responses, nor has TBI received any response to its meet and confer letter. (<u>Id.</u>)  Moreover, Defendants have not to date served the initial disclosures required under Fed. R. Civ. P. Rule 26(a).  (Cruz Decl. ¶ 4.)

**<u>Relief Sought</u>**

In view of Defendants' refusal to provide initial disclosures or respond to TBI's reasonable discovery requests in this action, TBI respectfully prays that this Court enter an Order:

(1)     Compelling the Defendants, pursuant to Fed. R. Civ. P. Rule 37(a)(3)(A), to disclose the information required under Rule 26(a);

(2)     Compelling Defendants, pursuant to Fed. R. Civ. P. Rule 37(a)(3)(B), to respond to the Requests; and

(3)     Requiring Defendants, pursuant to Fed. R. Civ. P. Rule 37(a)(5), to pay TBI's reasonable expenses incurred in making this Motion, including attorney's fees.

## Certification

The undersigned hereby certifies that he has first attempted in good faith to meet and confer with Defendants before the filing of this motion, as outlined in this motion and the accompanying Declaration.

Dated:  May 23, 2008

**FAEGRE & BENSON LLP**

*/s/  Timothy J. Cruz*
James R. Steffen (*Pro Hac Vice*)
Timothy J. Cruz (*Pro Hac Vice*)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600

**Attorneys for Plaintiff Target Brands, Inc.**

fb.us.2898442.02

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

**TARGET BRANDS, INC.,**

> **Plaintiff,**

v.                                    Civil Action No. 2:07-cv-1113

**RUSSELL PETROLEUM
CORPORATION,** *et al,*

> **Defendants.**

## DECLARATION OF TIMOTHY J. CRUZ IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DISCLOSURE OF INFORMATION AND RESPONSES TO DISCOVERY REQUESTS

I, Timothy J. Cruz, am an associate at the law firm of Faegre & Benson LLP, counsel for Plaintiff Target Brands, Inc. in the above-entitled action.   I have personal knowledge of the facts set forth below, and if called as a witness could and would testify competently thereto.

1.      I caused to be served by United States Mail on March 10, 2008, Plaintiffs' First Set of Requests for Production of Documents to Defendant Russell Petroleum Corporation and Plaintiff's First set of Interrogatories to Defendant Russell Petroleum.  A true and correct copy of the requests is attached hereto as Exhibit A.  Defendants have not to date served responses to the requests.

2.      Attached hereto as Exhibit B is a true and correct copy of correspondence sent by me to Defendants' counsel, J. Doyle Fuller, on April 21, 2008.  I caused to be served, along with the correspondence, Target's initial disclosures pursuant to Fed. R. Civ. P. 26(a).  I have not to date received a response to the letter.

3.    Attached hereto as Exhibit C is a true and correct copy of correspondence sent by me to Defendants' counsel, J. Doyle Fuller, on April 30, 2008.  I have not to date received a response to the letter.

4.    As of the date of this Declaration, Defendants Russell Petroleum and Wayne Russell have not served the initial disclosures required under Fed. R. Civ. P. Rule 26(a).


I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge, information and belief.


Executed on May 23, 2008 at Minneapolis, Minnesota.


TIMOTHY J. CRUZ

A

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

---

TARGET BRANDS, INC.,

                Plaintiff,

v.                                               Civil No. 91179859

RUSSELL PETROLEUM
CORPORATION, *et al*,

                Defendants.

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT RUSSELL PETROLEUM CORPORATION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Target Brands, Inc. hereby serves the following interrogatories upon Defendant Russell Petroleum Corporation ("RPC"), to be answered under oath within thirty (30) days after service hereof. These interrogatories are governed by the following Definitions and Instructions and shall be deemed continuing in nature so as to require supplementary answers between the time answers are served and the time of trial, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

A.     As used herein, "Subject Marks" refers collectively to the word mark TARGET, the "Bullseye" design mark (as pictured in Exhibit A hereto), and the mark TARGET & Bullseye Design (an example of which is depicted in Exhibit B hereto), all as used by Defendants.

B.      As used herein, "Defendant", "you" and "your" refer to defendant RPC, any predecessors or successors in interest with respect to use of any of the Subject Marks, and to the extent that they are or have been involved in any way with the subject matter of the following interrogatories, all persons or entities acting or purporting to act on behalf of or who are and/or were subject to the direction or control of RPC, including, without limitation, its current and/or former attorneys, partners, representatives, agents, consultants and employees and/or any business entity wholly or substantially owned or controlled by RPC.

C.      As used herein, "Plaintiff's Marks" refers collectively to the marks that are the subject of United States Registration Nos. 845,193, 845,615, 1,386,318, 3,229,570, and 972,082.

D.      As used herein, "TBI" and "Plaintiff" refer to Target Brands, Inc., and to each and every current or former officer, director, employee, agent, attorney, representative or consultant of TBI when acting on TBI's behalf.

E.      As used herein, the terms "person" or "party" refer to and include any natural person, as well as any juristic person (e.g., corporation) or any business or other organizational entity (e.g., partnership, trust, joint venture, group, association or organization), and his, her, its or their officers, agents and employees.

F.      As used herein, "relate" or "relating" includes, without limitation, pertaining to, concerning, constituting, comprising, reflecting, discussing or having any logical or factual connection whatsoever with the subject matter in question.

G.      As used herein, the term "communicate" or "communication" refers to all conversations, correspondence, or contacts between two or more individuals,

whether in person, in writing, by telephone, by electronic mail, or by any other means whatsoever.

H.    As used herein, the term "document" refers to any and all tangible items or sources of information within the meaning of Rule 34 of the Federal Rules of Civil Procedure, whether original or nonidentical copies of such items, in both final and draft form, of every kind and nature whatsoever, however produced, reproduced, or stored, that are within your possession, custody or control, or that are known by you to exist. The term "document" includes, but is not limited to, all correspondence, memoranda, records, reports, notes, drafts, proposals, minutes of meetings, books, papers, drawings, telegrams, logs, diaries, computer printouts, computations, ledgers, journals, purchase orders, bills of lading, invoices, vouchers, checks, books of original entry and other books or records, recordings or memoranda of conversations, or any other written, printed, typewritten or other graphic or photographic matter or tangible thing on which any information is affixed and all mechanical, electronic, sound or video recordings or transcripts thereof, and all other magnetic recordings or matter existing in any other machine readable form, and all information capable of being retrieved from a computer. The term "document" also refers to all preliminary drafts, versions, or revisions of any of the aforementioned, to all underlying preparatory or supporting materials thereto, and to all studies, analyses, or other valuative or interpretive reports thereof.

I.    Whenever a document is requested that is claimed by you to be privileged, you are required to:

(1)    provide the date and/or place thereof;

(2)  identify each person who participated in each oral communication, or who prepared, produced or reproduced, or who received copies of, each document;

(3)  identify each person who was present during all or any part of each oral communication;

(4)  identify the oral communication or document; and

(5)  identify the alleged privilege you seek to invoke and state each and every fact upon which you base your claim of privilege.

J.    As used herein, the term "sale", "sales", "sell" or "sold" shall include sales, licenses, leases, distribution to resellers and all methods of product distribution whether direct or indirect, and whether or not Defendant received or will receive revenue therefrom.

K.    As used herein, the singular form of a noun or pronoun will include within its meaning the plural form of the noun or pronoun, and vice versa; the use of the masculine form of a pronoun will include within its meaning the feminine form of the pronoun, and vice versa; the use of a tense of any verb will include all other tenses of the verb so used; and the use of "and" will include "or", and vice versa.

L.    When an interrogatory asks for specific information (e.g., a date) and the precise specific information is unknown, the answer shall give the best approximation of the information requested, provided that the answer also indicates the information being given if an approximation.

## **INTERROGATORIES**

1.    Describe in detail the process by which the Subject Marks, and each of them, were chosen for use, including in the description identification of all persons involved in the

4

creation, selection and/or adoption of the Subject Mark, identification of other or alternative marks considered as a part of the process, a description of any trademark investigation undertaken in connection with the selection and/or adoption of the Subject Mark, and a description of the reason(s) that the Subject Mark was chosen.

2.       Describe in detail the process by which the decision was made to discontinue use of two of the Subject Marks – TARGET and TARGET & Bullseye Design, but to continue forward with use of the remaining Subject Mark – Bullseye Design, including in the description identification of all persons involved in the decision, identification of other or alternative marks considered as a part of the process, a description of any trademark investigation undertaken in connection with the decision, and a description of the reason(s) that the decision was made.

3.       Identify each and every service or good on which, or in connection with which, you are using, have used, or intend to use the Subject Marks, or any of them, and for any service or good in connection with which you have commenced use of any of the Subject Marks, state the date of first use of each Subject Mark in connection with that service or good and describe in detail the basis for fixing that date of first use.

4.       Describe in detail any instances of confusion, mistake or deception with respect to the origin, sponsorship or approval of any Subject Mark or your goods and/or services under any of the Subject Marks, or between any Subject Mark or your goods and/or services and Plaintiff's Marks or goods and/or services under Plaintiff's Mark, or to any relationship between you and Plaintiff and/or between you and Target Corporation.

5.      For each month since you first used any of the Subject Marks in connection with the business operated at 4259 South Court Street in Montgomery, Alabama, state the total revenue from sales of the business operated at that location.

6.      For each month since you first used any of the Subject Marks in connection with the business operated at 4259 South Court Street in Montgomery, Alabama, state separately for each element all elements of cost or deduction that you contend should be deducted in assessing profits consistent with 15 U.S.C. § 1117.

7.      Identify each person you intend or expect to call as a witness during the at trial, and describe in detail the substance of each such person's expected testimony.


Dated: March _10_, 2008          FAEGRE & BENSON LLP

                                 By: _Timothy J. Cruz_
                                 Timothy J. Cruz
                                 2200 Wells Fargo Center
                                 90 South Seventh Street
                                 Minneapolis, MN 55402
                                 Tel.: (612) 766-8049
                                 Fax: (612) 766-1600

                                 **Attorneys for Plaintiff**
                                 **Target Brands, Inc.**

fb.us.2643118.02

6



EXHIBIT A



EXHIBIT B

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

TARGET BRANDS, INC.,

        Plaintiff,

v.                                              Civil No. 91179859

RUSSELL PETROLEUM
CORPORATION, *et al*,

        Defendants.

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RUSSELL PETROLEUM  CORPORATION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Target Brands, Inc. hereby serves the following requests for production of documents upon defendant Russell Petroleum Corporation ("RPC"), documents responsive to which are to be produced at the Montgomery office of Bradley Arant Rose & White LLP, Alabama Center for Commerce, 401 Adams Ave., Suite 780, Montgomery, Alabama 36104 within thirty (30) days after service hereof.  These requests for production of documents are governed by the following Definitions and Instructions.

## DEFINITIONS AND INSTRUCTIONS

A.    As used herein, "Subject Marks" refers collectively to the word mark TARGET, the "Bullseye" design mark (as pictured in Exhibit A hereto), and the mark TARGET & Bullseye Design (an example of which is depicted in Exhibit B hereto), all as used by Defendants.

B.    As used herein, "Defendant", "you" and "your" refer to defendant RPC, any predecessors or successors in interest with respect to use of any of the Subject Marks, and to the extent that they are or have been involved in any way with the subject matter of the following document requests, all persons or entities acting or purporting to act on behalf of or who are and/or were subject to the direction or control of RPC, including, without limitation, its current and/or former attorneys, partners, representatives, agents, consultants and employees and/or any business entity wholly or substantially owned or controlled by RPC.

C.    As used herein, "Plaintiff's Marks" refers collectively to the marks that are the subject of United States Registration Nos. 845,193, 845,615, 1,386,318, 3,229,570, and 972,082.

D.    As used herein, "TBI" and "Plaintiff" refer to Target Brands, Inc., and to each and every current or former officer, director, employee, agent, attorney, representative or consultant of TBI when acting on TBI's behalf.

E.    As used herein, the terms "person" or "party" refer to and include any natural person, as well as any juristic person (e.g., corporation) or any business or other organizational entity (e.g., partnership, trust, joint venture, group, association or organization), and his, her, its or their officers, agents and employees.

F.     As used herein, "relate" or "relating" includes, without limitation, pertaining to, concerning, constituting, comprising, reflecting, discussing or having any logical or factual connection whatsoever with the subject matter in question.

G.     As used herein, the term "communicate" or "communication" refers to all conversations, correspondence, or contacts between two or more individuals, whether in person, in writing, by telephone, by electronic mail, or by any other means whatsoever.

H.     As used herein, the term "document" refers to any and all tangible items or sources of information within the meaning of Rule 34 of the Federal Rules of Civil Procedure, whether original or nonidentical copies of such items, in both final and draft form, of every kind and nature whatsoever, however produced, reproduced, or stored, that are within your possession, custody or control, or that are known by you to exist. The term "document" includes, but is not limited to, all correspondence, memoranda, records, reports, notes, drafts, proposals, minutes of meetings, books, papers, drawings, telegrams, logs, diaries, computer printouts, computations, ledgers, journals, purchase orders, bills of lading, invoices, vouchers, checks, books of original entry and other books or records, recordings or memoranda of conversations, or any other written, printed, typewritten or other graphic or photographic matter or tangible thing on which any information is affixed and all mechanical, electronic, sound or video recordings or transcripts thereof, and all other magnetic recordings or matter existing in any other machine readable form, and all information capable of being retrieved from a computer. The term "document" also refers to all preliminary drafts, versions, or revisions of any of the aforementioned, to all underlying

3

preparatory or supporting materials thereto, and to all studies, analyses, or other valuative or interpretive reports thereof.

I.     Whenever a document is requested that is claimed by you to be privileged, you are required to:

(1)     provide the date and/or place thereof;

(2)     identify each person who participated in each oral communication, or who prepared, produced or reproduced, or who received copies of, each document;

(3)     identify each person who was present during all or any part of each oral communication;

(4)     identify the oral communication or document; and

(5)     identify the alleged privilege you seek to invoke and state each and every fact upon which you base your claim of privilege.

J.     As used herein, the term "sale", "sales", "sell" or "sold" shall include sales, licenses, leases, distribution to resellers and all methods of product distribution whether direct or indirect, and whether or not Defendant received or will receive revenue therefrom.

K.     As used herein, the singular form of a noun or pronoun will include within its meaning the plural form of the noun or pronoun, and vice versa; the use of the masculine form of a pronoun will include within its meaning the feminine form of the pronoun, and vice versa; the use of a tense of any verb will include all other tenses of the verb so used; and the use of "and" will include "or", and vice versa.

4

## DOCUMENT REQUESTS

1.      A representative sample of any and each different sign, advertisement or sales, marketing or other promotional materials ever used or intended to be used by Defendant in the United States that bears one or more of the Subject Marks.

2.      All documents referring or relating to the creation, selection and/or adoption of all or any of the Subject Marks.

3.      All documents referring or relating to your discontinuance of use of any of the Subject Marks.

4.      All documents that evidence or tend to show the date of which Defendant first used any of the Subject Marks.

5.      All documents, writings or things which Defendant expects to introduce as evidence in these proceedings.

6.     All documents that refer or relate to TBI or Target Corporation.

7.     For the period commencing two years prior to the date on which Defendant first used any of the Subject Marks, all financial statements, general ledgers, profit and loss statements, sales and expense records, tax returns and other financial and/or accounting records associated with all businesses, goods and/or services in connection with which Defendant has used any or all of the Subject Marks.

8.     All documents relating to any communications between Defendant and any person relating to your past or prospective advertising and/or promotion of services and/or goods offered or intended to be offered under any or all of the Subject Marks.

9.     All documents that comprise or relate to any statement, inquiry, comment or other communication by or from your customers, suppliers, competitors or other third parties, either written or oral, that relate in any way to Plaintiff, to any of Plaintiff's Marks, and/or to services offered under any of Plaintiff's Marks.

10.    All documents constituting and/or relating to business plans or similar documents relating in any way to any or all of the Subject Marks and/or to services or goods offered or intended to be offered under any or all of the Subject Marks, including all drafts of such business plans and/or similar documents.

11.    All documents relating to any existing or prospective leasehold or other real estate interest in connection with which you offer, have offered, or intend to offer services under any or all of the Subject Marks.

12.    All private placement memoranda, pro forma financials or other documents provided to investors, potential investors, partners or potential partners in connection with any business or prospective business offering or intending to offer services and/or goods under any or all of the Subject Marks.

13.    All documents constituting or referring to communication with third parties concerning, mentioning or relating to any or all of the Subject Marks and/or your alleged rights and/or prospective rights in any or all of the Subject Marks.

14.    All documents that refer or relate to any instances of consumer confusion, mistake or deception arising from your use of all or any of the Subject Marks.

15.    All documents that constitute, or relate or refer to, licenses or prospective licenses of any or all of the Subject Marks.

16.    All documents that relate or refer to any investigation, search, survey, or study ever conducted by or on behalf of you with respect to any or all of the Subject Marks and/or any or all of Plaintiff's Marks.

17.    Your Articles of Incorporation, and, for the period commencing two years prior to your first use of any of the Subject Marks, your annual reports and board minutes.

18.    For the period commencing two years prior to your first use of any of the Subject Marks, all documents that refer or relate to any purchase, installation,

7

maintenance or alteration of signage that incorporates in whole or part one or more of the Subject Marks.

19.    All documents that you have provided to any expert in connection with this proceeding or in connection with any other proceeding or action involving any of the Subject Marks.

Dated:  March  _10_ , 2008

FAEGRE & BENSON LLP

By: _Timothy J Cruz_
Timothy J. Cruz
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.: (612) 766-8049
Fax:  (612) 766-1600

**Attorneys for Plaintiff**
**Target Brands, Inc.**

fb.us.2642901.02

8

B



UNITED STATES | ENGLAND | GERMANY | CHINA

TIMOTHY J. CRUZ
TCruz@faegre.com
(612) 766-8049

April 21, 2008

J. Doyle Fuller                                        **Facsimile and U.S. Mail**
Law Offices of J. Doyle Fuller                         (334) 270-9848
P.O. Box 230458
2851 Zelda Road
Montgomery, AL 36106-2614

      Re:   Target Brands, Inc. v. Russell Petroleum Corporation, *et al.*
            Civil No. 91179859

Dear Mr. Fuller:

     Enclosed and served upon you in the above-referenced proceeding please find Plaintiff's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a).

     As you are aware, Defendants' were required under Rules 33 and 34 of the Fed.R.Civ.P to serve by no later than April 12, 2008, their responses to Plaintiff's First Set of Interrogatories to Defendant Russell Petroleum Corporation and Plaintiff's First Set of Requests for Production of Documents to Russell Petroleum Corporation. To date we have not received any such responses.

     Defendants, by failing to provide timely responses, have waived their right to assert any objections to TBI's outstanding discovery requests. In order to avoid motion practice, please provide the responses by Friday April 25.

April 21, 2008
Page 2

    As always, do not hesitate to contact us if you have any questions.

              Sincerely,

              Timothy J. Cruz

CRUTJ:lowan

cc:   James R. Steffen
      Michael S. Denniston
      George R. Parker

fb.us.2796068.01

C



**FAEGRE & BENSON**
LLP

UNITED STATES | ENGLAND | GERMANY | CHINA

TIMOTHY J. CRUZ
TCruz@faegre.com
(612) 766-8049

April 30, 2008

J. Doyle Fuller
Law Offices of J. Doyle Fuller
P.O. Box 230458
2851 Zelda Road
Montgomery, AL 36106-2614

**Facsimile and U.S. Mail**
(334) 270-9848

     Re:   <u>Target Brands, Inc. v. Russell Petroleum Corporation</u>, <u>et al.</u>
           Civil No. 91179859

Dear Mr. Fuller:

     I write in follow-up to my letter of April 21, 2008, regarding your client's late responses to Target's discovery requests. I have not to date received either a response to my letter or Defendants' responses to the requests. Accordingly, in advance of filing a discovery motion pursuant to Local Rule 37.1, I hereby formally request a meet and confer regarding your clients' refusal to answer the requests.

     Please advise as to your availability this week for a telephone conference.

           Sincerely,

           Timothy J. Cruz

CRUTJ:lowan

cc:   James R. Steffen
      Michael S. Denniston
      George R. Parker

fb.us.2829631.01

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

**TARGET BRANDS, INC.,**

                **Plaintiff,**

**v.**

**RUSSELL PETROLEUM CORPORATION, *et al*,**

                **Defendants.**

**Civil Action No. 2:07-cv-1113**

<u>**Certificate of Service**</u>

    I hereby certify that on May 23, 2008, I caused the following documents:

**Plaintiff's Motion to Compel Disclosure of Information and Responses to Discovery Requests; and**

**Declaration of Timothy J. Cruz in Support of Plaintiff's Notice of Motion and Motion to Compel Disclosure of Information and Responses to Discovery Requests**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

George R. Parker
gparker@bradleyarant.com

Michael S. Denniston
mdenniston@bradleyarant.com

James R. Steffen
jrsteffen@faegre.com

Timothy J. Cruz
tcruz@faegre.com

J. Doyle Fuller
doyle@jdoylefuller.com

Jacob A. Fuller
Jacob@jdoylefuller.com

Dated:  May 27, 2008

**FAEGRE & BENSON LLP**

*/s/  Timothy J. Cruz*
James R. Steffen (*Pro Hac Vice*)
Timothy J. Cruz (*Pro Hac Vice*)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600

**Attorneys for Plaintiff Target Brands, Inc.**

fb.us.2920417.01