IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TARGET BRANDS, INC., a Minnesota )
corporation, )
 )
    Plaintiff, )
 )
v. ) CASE NO. 2:07-cv-1113-MEF
 ) WO
RUSSELL PETROLEUM )
CORPORATION and WAYNE RUSSELL, )
 )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Plaintiff's First Motion to Amend the Complaint (Doc. # 22) filed on September 19, 2008. Defendants have opposed this motion. Upon consideration of the record as a whole, the Court finds that the motion is due to be DENIED.

This action arises out of Defendants use of a bull's eye design at its service station located in Montgomery, AL during June and July of 2006. In December of 2007, Plaintiff filed this lawsuit and alleged claims for infringement of federally registered marks and false designation of origin. In January of 2008, Defendants filed an Answer in which they denied that they infringed upon Plaintiff's marks. Plaintiff now seeks to add several defendants and a claim of contributory infringement.

On February 29, 2008, the parties submitted a Report of Parties' Planning Meeting suggesting a trial in March of 2009 and proposing a deadline of 30 days after the entry of the Court's scheduling order for any amendment to the pleadings. On March 3, 2008, this Court

entered a Uniform Scheduling Order pursuant to Federal Rule of Civil Procedure 16. This Uniform Scheduling Order set a deadline of May 16, 2008 for the amendment of the pleadings by any party. Plaintiff did not object to this deadline, nor did they file any motion seeking to extend it prior to its passing.

On May 23, 2008, Plaintiff filed a motion seeking to compel disclosure of discovery. Defendants did not respond to the discovery requests until June 25, 2008. Plaintiff argues that this delay hindered Plaintiff from learning of potentially relevant parties until September of 2008. While the delay in discovery may explain Plaintiff's inability to amend its complaint by the deadline set forth in the Uniform Scheduling Order, it does not explain why Plaintiff waited twelve weeks until after receipt of discovery to file the instant motion.

Federal Rule of Civil Procedure 16(b) provides that a schedule, such as the ones this Court set by entering the Uniform Scheduling Orders in this case, "shall not be modified except upon a showing of *good cause*" and by leave of court. Fed. R. Civ. P. 16(b) (emphasis added). This means that in making a motion for leave to amend a pleading after the deadline set by this Court's scheduling order, Plaintiff must show good cause exists for their untimely attempt to amend his Answer. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (finding that Rule 16's good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension); *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) (applying the Rule 16 good cause standard rather than the more liberal standard of Rule 15 to attempt to amend pleading after deadline set by Court's scheduling

order is appropriate).  The Court is not satisfied that Plaintiff has made a showing of good cause for the amendment they seek leave to file.  It appears that Plaintiff had all the information they needed to amend the Complaint on June 25, 2008, but failed to seek leave to amend the Complaint until almost three months thereafter.  Moreover, to the extent that Plaintiff seeks to lay the blame for their failure to timely seek leave to amend the Complaint on Defendants and their failure to provide certain discovery in this case, the Court notes that Plaintiff could and should have realized that they needed to seek an extension of the May deadline as it approached.  Furthermore, Plaintiff also should have perused and examined discovery in a more diligent fashion in this matter.  Accordingly, the Court finds that Plaintiff's First Motion to Amend the Complaint is due to be and hereby is DENIED.

     DONE this the 23rd day of October, 2008

         /s/ Mark E. Fuller
    CHIEF UNITED STATES DISTRICT JUDGE